IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON ANTHONY ROMELL BAILEY,<br># 14067-029, | )<br>)<br>) |
| Petitioner, | )<br>)    20-cv-00424-DWD |
| vs. | )<br>) |
| CRIMINAL DIVISION, | )<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Deon Anthony Romell Bailey filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), which was dismissed on preliminary review. (Doc. 3). Bailey has now filed a pleading which he refers to as a "revised 2241 Petition." His pleading requests that this Court "review the plea coiloqy (sic)" and to "correct your order to reflect the truth". The Court construes this pleading as a Motion to Alter or Amend Judgment. (Doc. 5). That Motion is **DENIED**.

Bailey's motion was filed within 28 days of the entry of judgment and will therefore be considered under Fed. R. Civ. P. 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

1

Pursuant to a written plea agreement, Bailey pled guilty to two counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) in the Northern District of Iowa. *United States v. Bailey*, Case No. 2:15-cr-01017 ("Criminal Case"). In June 2016, he was sentenced to 240 months imprisonment on each count, to be served concurrently except that 55 months of the sentence on Count Two was to be served consecutively to the sentence imposed on Count One. This resulted in a total term of 295 months. (Criminal Case, Doc. 104).

The Petition alleged that at the plea hearing, the Court informed him that he was subject to a maximum penalty of 30 years on each count because of his prior drug conviction, even though he had no notice under 21 U.S.C. § 851 had been filed. (Doc. 1). Bailey asserted that he was not attempting to vacate, set aside, or correct his conviction or sentence, but that he sought equitable relief in the form of a "satisfaction of judgment" and a "satisfaction of penalties."

The Petition was dismissed because, despite his assertion, he was in fact trying to vacate, set aside, or correct his conviction or sentence. The Court noted that the proper vehicle for such a request is a motion to vacate, set aside or correct under 28 U.S.C. § 2255 filed in the district of conviction, and dismissed his Petition because he did not demonstrate that his claim fit within the savings clause of 28 U.S.C. § 2255(e).

In his Motion, Bailey apologizes for his "last 2241 filing" and asks the Court to "accept this revised 2241 Petition." (Doc. 5). However, judgment has already been entered and he cannot file an amended or revised Petition at this point. A Rule 59(e) motion does now allow a party to advance a new theory or argument that could and

2

should have been raised in the first instance. *A&C Construction & Installation, Co. WLL v. Zurich American Insurance Company*, 963 F.3d 705, 709 (7th Cir. 2020).

Further, Bailey states that the Order dismissing his § 2241 Petition was incorrect in stating that the judge at the change of plea hearing informed him that he was subject to a maximum sentence of 30 years; he now denies that he was so informed. (Doc. 5, p. 1). However, this was drawn from Bailey's own Petition, where he stated that the judge informed him that he was subject to a maximum sentence of 30 years. (Doc. 1, p. 2). For the purposes of the present issue, it is immaterial which version might be true.

Bailey's Motion does not address the reason for the dismissal of his Petition—that his claim cannot be brought in a § 2241 Petition. As prisoner can challenge his federal conviction or sentence in a § 2241 Petition only under very limited circumstances: when he relies on a new statutory interpretation case rather than a constitutional case, when that decision that he could not have invoked in a motion under § 2255, when that case applies retroactively, and when he can show there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

It is unclear exactly what Bailey's claim is, but it does not cite or refer to a new rule of statutory construction, let alone one that he could not have raised in a § 2255 motion. He filed a § 2255 motion raising a claim related to his sentence, although it was framed as a claim of ineffective assistance of counsel. *Bailey v. United States*, Case No. 2:18-cv-1034, Doc. 9 (N. D. Ia. May 11, 2020). The fact that the § 2255 motion was unsuccessful

does not mean that the remedy afforded by § 2255 was inadequate or ineffective. *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). There are no grounds cited to revisit the Court's dismissal of the Petition.

## Disposition

Petitioner's Motion to Alter or Amend Judgment **(Doc. 5)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: December 7, 2020**

_____
**David W. Dugan
United States District Judge**